# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JESSICA WASHINGTON,

      Plaintiff,

      v.                               Civil Action No.  03-2570 (CKK/JMF)

THURGOOD MARSHALL ACADEMY,

      Defendant.

## MEMORANDUM OPINION

This case was referred to me for discovery.  Currently for resolution is Plaintiff's Motion for Reconsideration and/or in the Alternative a Motion to Alter and/or Amend the Magistrate's July 20, 2005 Order ("Pl.'s Mot. for Recons.") striking Plaintiff's Motion to Compel Defendant Thurgood Marshall Academy to Answer Interrogatories and Produce Documents and for Sanctions ("Pl.'s Mot. to Compel").  For the reasons stated below, plaintiff's motion for reconsideration will be granted and plaintiff's previously stricken motion to compel, after being considered on its merits, will be granted in part and denied in part.

## I.      BACKGROUND

Plaintiff, Jessica Washington, brought this lawsuit against her former employer, the Thurgood Marshall Academy, alleging that she was wrongfully discharged in violation of her employment contract and in retaliation for her advocacy on behalf of special education students and their parents. Complaint at ¶¶ 38-72.  On February 4, 2005, plaintiff filed a motion to compel responses to certain interrogatories and document requests, but failed to file the memorandum of

law in support of her motion. <u>Washington v. Thurgood Marshall Acad.</u>, 230 F.R.D. 18, 21

(D.D.C. 2005).  On July 20, 2005, the court ordered plaintiff's motion to compel stricken for

failure to comply with the United States District Court for the District of Columbia's Local Rule

7.1(a), which requires that each motion include or be accompanied by a statement of the specific

points of law and authority that support the motion. <u>Id.</u>  Two days after her motion was stricken,

plaintiff moved the court to reconsider its order and rule on the merits of her motion to compel.

Defendant did not file an opposition to plaintiff's motion for reconsideration.

## II.     DISCUSSION

### A.     Motion for Reconsideration

Plaintiff relies on Rule 60(a) and (b)(1) of the Federal Rules of Civil Procedure in moving

the court to reconsider its July 20, 2005 order striking her motion to compel. <u>Plaintiff's</u>

<u>Memorandum of Points and Authorities in Support of Her Motion for Reconsideration and/or in</u>

<u>the Alternative a Motion to Alter and/or Amend the Magistrate's June 20, 2005 Order</u> ("Pl.'s

Mem. in Supp. of Recons.) at 2.  Under Rule 60(a), the court is authorized to correct "[c]lerical

mistakes in judgments, orders or other parts of the record arising from oversight or omission."

Fed. R. Civ. P. 60(a).  Similarly, under Rule 60(b)(1), the court is authorized to relieve a party

from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable

neglect." Fed. R. Civ. P. 60(b)(1).  The district court is afforded broad discretion in correcting

errors and granting relief from judgment under Rule 60. <u>Muwekma Tribe v. Babbitt</u>, 133 F.

Supp. 2d 42, 48 (D.D.C. 2001) (citing <u>Twelve John Does v. District of Columbia</u>, 841 F.2d 1133,

1138 (D.C. Cir. 1988)).

Plaintiff argues that her failure to file the memorandum of law was an inadvertent error

that she was unaware of until the court ordered her motion stricken. Pl.'s Mem. in Supp. of

Recons. at 2.  Plaintiff further argues that defendant would not be prejudiced if the court grants

her motion for reconsideration and considers her motion to compel on the merits because,

although plaintiff did not file the memorandum of law with the court, plaintiff did serve it on

defendant. Id.  In addition, at a hearing on July 22, 2005, defendant represented to the court that it

would not need to re-brief its opposition to plaintiff's motion to compel. Id.  Because plaintiff's

present motion for reconsideration is unopposed, her error appears to have been inadvertent, and

her motion to compel will not require additional briefing, this court will exercise its discretion

and grant plaintiff's motion for reconsideration.  Accordingly, the court will now address the

merits of plaintiff's motion to compel.

**B.**     **Motion to Compel**

Plaintiff has moved the court to compel defendant to fully and completely answer

plaintiff's Request for Answers to Interrogatories, Request for Production of Documents, and

Second Set of Requests for Production of Documents. Plaintiff's Memorandum in Support of

Motion to Compel Defendant to Answer Plaintiff's Discovery Requests and Sanctions ("Pl.'s

Mem. in Supp. of Compel") at 1.  Plaintiff also asks the court to compel defendant "to label and

identify what documents are in response to each of plaintiff's document requests" and "to

produce a list of any and all documents that are being withheld under and [sic] doctrine of

privilege." Id. at 7.  In opposition, defendant asserts that it has either fully responded or properly

objected to each interrogatory and document request. Defendant's Opposition to Plaintiff's

Motion to Compel Defendant Thurgood Marshall Academy to Answer Interrogatories and

Produce Documents and For Sanctions (Def.'s Opp'n) at 2.

3

1.      *Plaintiff's Interrogatories*

Plaintiff argues that defendant's answers to its interrogatories are evasive, incomplete, and non-responsive and that defendant merely objected to most of the interrogatories "upon the advice of counsel." Pl.'s Mem. in Supp. of Compel at 3; Reply to Defendant Thurgood Marshall Academy's Opposition to Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents ("Pl.'s Reply") at 6. That is plaintiff's entire argument - consisting of one short paragraph. In opposition, defendant argues that it has appropriately responded or objected to plaintiff's interrogatories and that, "plaintiff has failed to articulate how the responses are deficient so that defendant can assess the generalized claims of inadequacies." Def.'s Opp'n at 2.

The court agrees with defendant. The court has reviewed defendant's responses to plaintiff's interrogatories and finds that defendant's responses were not, as a general matter, evasive and non-responsive and that defendant's objections appear to be appropriate. See Pl.'s Mem. in Supp. of Compel, Exh. 4. Furthermore, contrary to plaintiff's implication that defendant objected solely "upon the advice of counsel," every single time defendant used that phrase in its answers, the phrase was followed by specific objections (*e.g.,* overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence). Id. Because plaintiff has completely failed to explain how defendant's answers were evasive, incomplete, or non-responsive, it is impossible for the court to determine what information plaintiff wants compelled. Accordingly, the court will not compel defendant to provide further answers to plaintiff's interrogatories.

4

2.      *Plaintiff's First Request for Documents*

Similarly, plaintiff asserts that defendant's response to her first request for documents was "evasive, deficient, or non-responsive." Pl.'s Reply at 3.  However, unlike her complaints about defendant's interrogatory answers, plaintiff does provide examples of how defendant's document responses are deficient.  In opposition, defendant argues that it has answered or properly objected to each of plaintiff's requests. Def.'s Opp'n at 2.  Defendant argues that "[p]laintiff's requests are not limited in scope, [nor do they] limit the time nor the subject matter of the records to be produced" and that they further "request information regardless of whether it has any relevance to plaintiff's claims."  Id. at 2-3.  Defendant did not address plaintiff's specific examples of alleged deficiencies in its responses.

The court will first address plaintiff's allegation that defendant's responses were deficient generally.  First, plaintiff argues that defendant's responses were "evasive, deficient, or non-responsive." Pl.'s Reply at 3.  It is fundamental that, "[i]n drafting document requests, it is the party seeking discovery that bears the burden of fashioning the requests appropriately." Peterson v. Hantman, 227 F.R.D. 13, 17 (D.D.C. 2005).  After reviewing plaintiff's requests and defendant's responses, the court finds that many of plaintiff's requests are so confusingly worded that it would have been impossible for defendant to fashion a truly responsive answer and, as a general matter, defendant's responses are not "evasive, deficient, or non-responsive."  Therefore, the court will not, as plaintiff requests, simply order defendant to answer plaintiff's first request for production of documents "fully and completely."

Second, with regard to plaintiff's assertion that defendant should have labeled and identified which documents are responsive to each of plaintiff's requests, this court finds that

5

defendant was not under an obligation to do so.  The Federal Rules of Civil Procedure require

that, "[a] party who produces documents for inspection shall produce them as they are kept in the

usual course of business or shall organize and label them to correspond with the categories in the

request." Fed. R. Civ. P. 34(b).  Accordingly, as I have recently explained, defendant is not

required to identify to which requests the produced documents are responsive, if defendant

produces them as they are kept in the usual course of business. Doe v. District of Columbia, 231

F.R.D. 27, 36 (D.D.C. 2005) ("As long as plaintiff produced the documents 'as they are kept in

the usual course of business,' he was in compliance with the discovery rules.").  Furthermore,

given the breadth and duplicative nature of plaintiff's requests, it would be difficult and not very

useful for defendant to identify to which requests each document was responsive.

Third, seemingly as an afterthought, plaintiff asks the court to compel defendant to

produce a privilege log, but provides no argument or legal support for her request. Pl.'s Mem. in

Supp. of Compel at 7.  Nonetheless, it is clear from defendant's responses to plaintiff's first

request for documents that defendant did claim the attorney-client privilege or work product

protection for certain documents, see Pl.'s Mem. in Supp. of Compel, Exh. 3, but did not provide

a privilege log.[1]  Contrary to the requirements of Rule 26(b)(5), where defendant claimed these

privileges, it did not provide any of the identifying information for the corresponding documents.

See Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable . . . by

---

[1] Despite the fact that defendant objected to plaintiff's requests on the ground that they are overly broad, defendant essentially conceded that there are privileged and/or protected responsive documents when it claimed that certain requests "impermissibly [seek] protected attorney work product and/or information protected by the attorney-client privilege," and are "not designed to lead to the discovery of admissible evidence as [they seek] information that is protected work product or by the attorney-client privilege." See Pl.'s Mem. in Supp. of Compel, Exh. 3.

claiming it is privileged or [work product] . . . the party shall make the claim expressly and shall

describe the nature of the documents . . . in a manner that . . . will enable other parties to assess

the applicability of the privilege."). In the interests of expedition, the court orders defendant to

provide plaintiff a privilege log and submit the same to the court, along with the documents

referenced therein, for *in camera* review.

> a.    Tax Returns

Plaintiff argues that defendant refused to produce its tax returns. Pl.'s Mem. in Supp. of

Compel at 2. In Request No. 10, plaintiff asked for "Thurgood Marshall Academy's federal and

state income tax returns, with all attachments thereto, for the years 2001 to the present." Id., Exh.

3 at 8. Defendant objected to that request on, among other grounds, the ground that it was "not

designed to lead to the discovery of admissible evidence as it seeks information that is irrelevant

to this litigation." Id.[2]

In her moving papers, plaintiff makes no effort to explain why defendant's tax returns are

within the permissible scope of discovery under Rule 26. Without further explanation from

plaintiff, this court does not see how defendant's tax returns would be relevant to her claims of

breach of contract, wrongful discharge, misrepresentation, and retaliation. Accordingly, the court

will not compel defendant to produce its tax returns.

> b.    E-mails

Plaintiff argues that, in response to Request Nos. 14, 15, and 16, defendant "was required

to produce e-mails . . . between [defendant] and [plaintiff] and others concerning [plaintiff's]

---

[2] Notwithstanding its objection, defendant further stated that it would "produce these records when a Confidentiality Agreement Order has been entered in this case." Pl.'s Mem. in Supp. of Compel, Exh. 3 at 8.

claims." Id. at 2-3.  In support of her claim that defendant's responses to these requests were

deficient, plaintiff states that she and Thurgood Marshall Academy's officers "e-mailed each

other constantly," that she produced over fifteen e-mails to defendant in discovery, and that

defendant has produced only five[3] such e-mails. Id. at 3.  In other words, plaintiff is claiming that

there *must be* more e-mails.  However, plaintiff's speculation that more e-mails exist does not

entitle her to more and, therefore, the court will not compel defendant to produce more e-mails.

c.      Documents Created by Plaintiff

Plaintiff argues defendant's response to Request No. 14 was further deficient because,

although plaintiff created numerous documents during her employment with defendant,

defendant produced only five such documents. Pl.'s Reply at 5.  Request No. 14 requests:

> All documents issued to, provided to or created by,
> Jessica Washington [sic] Thurgood Marshall
> Academy at any time and which [sic] she was an
> employee at Thurgood Marshall Academy's [sic]
> and is still in its possession, custody, or control.

Pl.'s Mem. in Supp. of Compel, Exh. 3 at 9.  First, defendant appropriately objected to Request

No. 14 on the ground that it is unintelligible, id., and indeed, it is unintelligible as written.

Second, plaintiff again makes no effort to explain how documents, merely because of the fact

that they were created by plaintiff, would be relevant.  Accordingly, the court does not find

defendant's response to Request No. 14 to be deficient.

d.      End-to-End Solutions Documents

Plaintiff argues that defendant failed to produce documents relating to End-to-End

---

[3] However, in plaintiff's reply brief, she states that defendant provided *eight* e-mails. Pl.'s
Reply at 5.

Solutions, a company that defendant contracted with to provide special education services. Pl.'s Mem. in Supp. of Compel at 3.  However, plaintiff does not state to which request she believes these documents to be responsive.  After reviewing plaintiff's requests, it is not apparent to the court either.  A necessary precursor to an order compelling production of documents is a request under Rule 34.  Accordingly, the court will not order defendant to produce documents concerning End-to-End Solutions.

> e.  Plaintiff's Job Description

Plaintiff argues that, in response to Request No. 18, defendant was required to produce a copy of plaintiff's job description. Pl.'s Mem. in Supp. of Compel at 3.  Request No. 18 seeks:

> All documents that list or describe Jessica Washington's initial job description at the Thurgood Marshall Academy, including all duties and responsibilities required by that position.  Include in your response the packet of information that Thurgood Marshall Academy gave Jessica Washington, as is referenced in paragraph twenty-one of Plaintiff's Complaint.

Id., Exh. 3 at 1.  The referenced paragraph from the complaint states:

> At Ms. Washington's first [Thurgood Marshall Academy] staff meeting she and other staffers were provided with a packet of information from [Thurgood Marshall Academy].  Within [Thurgood Marshall Academy]'s packet of information was a document identifying and outline Washington's job duties and responsibilities as a [Thurgood Marshall Academy] special education teacher.

Complaint at ¶ 21.

Unlike the other requests previously discussed in this opinion, Request No. 18 is clear, not overly broad, and requests highly relevant documents.  According to plaintiff, she was hired

as a Special Education *Teacher*. Id. at ¶ 17.  However, the only job descriptions that defendant

has produced relate to the Special Education *Coordinator* position. Pl.'s Reply, Exh. 1.

Defendant's representations to plaintiff about and plaintiff's understandings of her job

responsibilities are central issues in this case.  Accordingly, if defendant has in its possession,

custody, or control, any unprivileged document that lists or describes plaintiff's initial job

responsibilities, it must produce such document(s) within ten days of this opinion.

f.     Amato Marshall Documents

Plaintiff argues that defendant was required to produce documents relating to Amato

Marshall, who was hired to replace plaintiff. Pl.'s Reply at 4.  Specifically, plaintiff asserts that

defendant should have produced Marshall's personnel file and any documentation indicating that

he is more qualified for the position than plaintiff. Id. at 4-5.  Plaintiff does not indicate to which

request such documents would be responsive, however, the court notes that Request No. 8 seeks:

> Any and all documents relating, referring or
> pertaining to all efforts Thurgood Marshall
> Academy made to hire a new employee to replace
> Jessica Washington including but not limited to the
> (1) application of the person hired (2) the salary of
> the new employee (3) the description of new
> employee's job duties (4) the new employees [sic]
> entire personnel file, (4) [sic] all advertisements for
> the position and (5) [sic] all applications and
> resumes of all persons who applied for Jessica
> Washington's position.

Pl.'s Mem. in Supp. of Compel, Exh. 3 at 7.  Defendant objected to this request on the ground

that it is overly broad, vague, and seeks "information about employees and contractors of

Thrugood Marshall Academy that is private and protected." Id.  First, plaintiff's request is clearly

overly broad.  To illustrate, the application of *every* person who applied for plaintiff's position

would not reflect defendant's intent in discharging plaintiff, the qualifications of the person

hired, or even the qualifications of the applicants considered for the position.  Second, an

employee's personnel file contains private and sensitive information and plaintiff makes no effort

in her motion to compel to explain how Marshall's *entire* personnel file, which is what she is

asking to have compelled, would be relevant. See Macintosh v. Bldg. and Managers Ass'n Int'l,

2005 WL 2560878, *2 (D.D.C. 2005) ("a litigant does not get the entire personnel file because of

the possibility that there is something in it that may prove his case"); Waters v. Unites States

Capitol Police Bd., 216 F.R.D. 153, 164 (D.D.C. 2003) (plaintiff was not entitled to discovery

employees' *entire* personnel file and the court limited discovery to information in the files about

prior bad acts indicating discriminatory intent).

Furthermore, contrary to plaintiff's assertion that defendant has refused to produce

documents relating to Marshall, defendant's response to Request No. 8 indicates otherwise.

Defendant's response provided: "to the extent that a Response is required, [the Thurgood

Marshall Academy] will provide the documents at a mutually convenient time for plaintiff's

review." Pl.'s Mem. in Supp. of Compel, Exh. 3 at 7.  In the interests of expedition, I will direct

the parties to meet at a mutually convenient time so that plaintiff can review and copy the

following documents: Marshall's application, a document reflecting Marshall's salary, a

description of Marshall's job duties, and all advertisements for the position.

g.      Value of Plaintiff's Benefits

Plaintiff argues that defendant was required to produce documents reflecting her benefits

and the value of those benefits. Pl.'s Reply at 5.  Plaintiff argues that she needs these documents

in order to prove the value of her damages. Id.  Plaintiff does not indicate to which request she

believes these documents would be responsive, however, the court notes that Request No. 9

seeks:

> Any and all documents relating, referring or
> pertaining to any and all income or benefits and the
> monetary value of those benefits received by Jessica
> Washington from Thurgood Marshall Academy
> including, but not limited to, wages, tips, salaries,
> health insurance, profits, business income, capital
> gains, interest, dividends, severance benefits,
> workers' compensation benefits, disability benefits,
> and unemployment compensation benefits and the
> monetary value of those benefits.

Pl.'s Mem. in Supp. of Compel, Exh. 3 at 7.  Defendant objected to this request on the grounds

that the request is overly broad, unduly burdensome, vague, and seeks proprietary information.

Id., Exh. 3 at 7-8.  Defendant has produced what appears to be plaintiff's entire personnel file,

which includes information about plaintiff's benefits. Pl.'s Reply, Exh. 1.  In moving to compel

the production of additional documents relating to her benefits, plaintiff fails to articulate what

further documents she needs and I cannot compel what she does not identify.

      h.    Annual Audit Reports from District of Columbia Public School
           System

      Plaintiff argues that, pursuant to Request No. 17, defendant was required to produce the

annual audit reports conducted by the District of Columbia Public School System ("DCPS"). Id.

at 5.  This issue was already resolved by the court at the status hearing held on September 13,

2005 regarding plaintiff's subpoena to DCPS.  At that hearing, DCPS explained that it does not

conduct annual reviews of the Thurgood Marshall Academy and that it has no reports in its

possession, custody, or control regarding the Thurgood Marshall Academy.  The court cannot

order defendant to produce such reports because they do not exist.

i.      Insurance Policy

Finally, plaintiff argues that, in response to Request No. 19, defendant was required to produce any insurance policy that covers this lawsuit. Pl.'s Reply at 6.  Defendant objected to Request No. 19 on relevancy grounds, but also stated: "to the extent a Response is required, [the Thurgood Marshall Academy] will provide the requested documents for plaintiff's review at a mutually convenient time." Pl.'s Mem. in Supp. of Compel, Exh. 3 at 11.  Pursuant to the Federal Rules of Civil Procedure's initial disclosure requirement, defendant is required to produce "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.  26(a)(1)(D).  This disclosure requirement exists independent of any discovery request propounded by plaintiff.  Accordingly, if defendant has an insurance policy that would satisfy part or all of a judgment rendered in this case, defendant shall supplement its Rule 26(a)(1)(D) disclosures within ten days of this opinion.

3.      *Plaintiff's Second Request for Documents*

In her motion to compel, plaintiff claimed that defendant has not responded to her second request for documents, which she served on defendant in October 2004. Pl.'s Mem. in Supp. of Compel at 4.  In opposition, defendant explains that it did in fact serve its response on plaintiff on February 4, 2005. Def. Opp'n at 2.  In reply, plaintiff asserts that no such response was provided and claims that defendant should be sanctioned by the court for falsely representing that it had done so. Pl.'s Reply at 2.

The court seriously doubts plaintiff's allegation that defendant's counsel intentionally misrepresented to the court that it had served on plaintiff responses to plaintiff's Second Request

13

for Documents.  It seems much more likely that, through some inadvertent oversight, the

response did not get mailed, the response was lost in the mail, or plaintiff's attorney misplaced

the response on her end.  Instead of asking the court to compel a response, the more reasonable

and practical approach would have been for plaintiff to simply call defendant's attorney and ask

for another copy, which I am sure defendant would surely be happy to provide and I would ask

defendant to do so now.

> **D.      Costs and Attorneys' Fees**

Finally, plaintiff requests that the court award her costs and attorneys' fees incurred in

having to file this motion. Pl.'s Mot. to Compel at 2.  Because this court in large part denied

plaintiff's motion to compel, an award of costs or attorney's fees would be inappropriate.

## IV.      CONCLUSION

For the above-stated reasons, plaintiff's motion for reconsideration will be granted and

plaintiff's previously stricken motion to compel will be granted in part and denied in part.  An

Order accompanies this Memorandum Opinion.


_____
JOHN M. FACCIOLA
Dated:                                          UNITED STATES MAGISTRATE JUDGE

14