UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JESSICA WASHINGTON,

    Plaintiff,

    v.

THURGOOD MARSHALL ACADEMY,

    Defendant.

Civil Action No. 03-2570 (CKK)

**MEMORANDUM OPINION**
(November 1, 2006)

Plaintiff Jessica Washington's breach of contract action against her former employer, Defendant Thurgood Marshall Academy ("TMA"), is presently proceeding to trial. Currently before the Court is Defendant Thurgood Marshall Academy's Motion *in Limine* to Exclude Evidence and/or Testimony Regarding Defendant's Alleged Violation of the Individuals with Disabilities in Education Act (hereinafter "TMA's Motion"). Plaintiff opposes this request, arguing that TMA's Motion "directly interferes with [Plaintiff's] ability to obtain due process in the prosecution and presentation of her breach of contract claim," and that granting TMA's Motion would "be tantamount to a full dismissal of [Plaintiff's] Breach of Contract Claim." Pl.'s Opp'n. and Mem. in Opp'n. to Def.'s Mot. in Limine (hereinafter "Pl.'s Opp'n.") at 1-2.

Upon a searching review of TMA's Motion, Plaintiff's Opposition, Defendant's Reply to Plaintiff's Opposition, the relevant case law, and the entire record herein, the Court is unable to rule on TMA's Motion because Plaintiff's Opposition does not sufficiently explain either (1) the evidence that Plaintiff believes exists to demonstrate that her efforts to ensure Defendant's compliance with the IDEA provided a motivation for her alleged termination; or (2) the manner

in which Plaintiff would seek to use such evidence at trial.  As the Court is therefore unable to

properly address TMA's Motion *in Limine* at this point, the Court shall order Plaintiff to address

these questions in further briefing on or before December 1, 2006, and shall hold TMA's Motion

in abeyance pending receipt of Plaintiff's additional briefing.

## DISCUSSION

*A.     Background Relevant to TMA's Motion in Limine*

The Court shall assume familiarity with the Court's June 19, 2006 Memorandum Opinion

granting-in-part and denying-in-part TMA's Motion for Summary Judgment, *Washington v.*

*Thurgood Marshall Academy*, Civ. A. No. 03-2570, 2006 WL 1722332, *1 (D.D.C. Jun. 19,

2006), which includes an extensive discussion of the facts underlying this action.  Plaintiff

Jessica Washington, a special education teacher, brought this action against her former employer,

Thurgood Marshall Academy ("TMA"), alleging that TMA misrepresented Plaintiff's job duties

and working hours to induce her to sign a one-year employment contract, then fired her for

bringing school violations of the Individuals with Disabilities in Education Act ("IDEA") to

TMA's attention, in violation of contract provisions, District of Columbia tort law regarding

wrongful discharge, and the D.C. Human Rights Act. *Id.*

Following extensive discovery, TMA filed a Motion for Summary Judgment, Plaintiff

filed an Opposition to TMA's Motion for Summary Judgment, and TMA filed a Reply.  *Id.*  In its

June 19, 2006 Memorandum Opinion, the Court granted TMA's Motion for Summary Judgment

as to Plaintiff's Misrepresentation (Count II), Wrongful Discharge (Count III), and D.C. Human

Rights Act (Count IV) counts.[1]  As to Plaintiff's Breach of Contract claim (Count I), the Court granted TMA's Motion for Summary Judgment with respect to Plaintiff's allegations that Defendant unilaterally modified her job duties, but denied TMA's Motion for Summary Judgment insofar as Plaintiff alleged that TMA Director Joshua Kern terminated her without cause, violating the  agreed-upon term of employment and procedures for termination provided for in her August 1, 2002 Employment Contract.  *Id.* at *7.  Thus, after summary judgment, Plaintiff was left with "one remaining triable claim: her contention within Count I that she did not resign employment at TMA, but rather was involuntarily terminated without cause in violation of Paragraph Eight of her employment contract."  *Id.* at *1.

       TMA's Motion *in Limine* arises out of the Court's grant of summary judgment with respect to Plaintiff's claim under the D.C. Human Rights Act (Count IV).  Specifically, TMA claims that, in granting TMA summary judgment with respect to that claim, "the court found, as a matter of law, that plaintiff was not terminated because of her purported complaints regarding TMA's noncompliance with the IDEA."  TMA's Mot. at 3.  Indeed, as TMA notes, in its Memorandum Opinion, the Court concluded "that there is simply not even a scintilla of evidence to support [Plaintiff's] claim that TMA terminated her employment in retaliation for her alleged assertion that TMA was not in compliance with the IDEA."  *Washington*, 2006 WL 1722332 at *17; Def.'s Reply to Pl.'s Opp'n. at 3 n.3.  For her part, Plaintiff asserts that a "motion for

---

[1] In her Opposition to TMA's Motion *in Limine*, Plaintiff asserts that "[c]ontrary to TMA's motion this court did not conclude or decide on the merits [Plaintiff's] "Misrepresentation", Wrongful Discharge or Violations under the DCHRA."  Pl.'s Opp'n. at 2. Plaintiff is incorrect.  The Court's June 19, 2006 Memorandum Opinion conclusively disposed of Plaintiff's Misrepresentation, Wrongful Discharge, and D.C. Human Rights Act claims, *Washington*, 2006 WL 1722332 at *1, and Plaintiff has no legal basis for suggesting otherwise.

summary judgment is not a substitute for a trial" and does not "adjudicate on the merits a claim."

Pl.'s Opp'n. at 2.  Plaintiff further asserts that "evidence concerning her allegations against [sic]

TMA's noncompliance with the IDEA, her complaints of its noncompliance . . . are deeply

rooted and intertwined in her breach of contract claim" and thus that "IDEA evidence is key to

deciding whether TMA had any motive or intent to discharge [Plaintiff]." *Id.* at 6.

      B.    *Plaintiff's Allegations Regarding TMA's Non-Compliance With the IDEA*

The Court notes that its June 19, 2006 Memorandum Opinion only addressed Plaintiff's

allegations of TMA's non-compliance with the IDEA, her efforts to ensure compliance, and the

link between those actions and her alleged termination by TMA in the context of Plaintiff's claim

under the D.C. Human Rights Act, and did not consider those allegations in the context of

Plaintiff's breach of contract claim.  Nevertheless, in considering Defendant's Motion *in Limine*,

the Court is informed by the factual record at summary judgment (which Plaintiff has not

attempted to supplement) as to the state of Plaintiff's evidence of these allegations.

The factual record establishes that one aspect of Plaintiff's job was ensuring TMA's

compliance with the IDEA.  *Washington*, 2006 WL 1722332 at *16.  After beginning her

employment with TMA, Plaintiff identified a number of special education students with records

who had not been receiving special education.  *Id* at *4.  Plaintiff then met with TMA officials

during the fall of 2002 and "discussed with TMA that it was not complying with the

requirements under IDEA." *Id.* (citing Compl. ¶ 25; Def.'s Mot. for Summ. J., Ex. 2 (2/8/05

Washington Dep.) at 172:9-173:3).  Specifically, on November 1, 2002, Plaintiff had a

discussion with TMA Executive Joshua Kern about IDEA compliance, in which she informed

him that the students were suffering, that the school was in noncompliance, and that she had

4

identified several additional students in need of special education.  *Id.*

Defendant maintains that TMA was never out of compliance with the IDEA.  Def.'s

Reply at 4.  Regardless of whether or not TMA was, in fact, in compliance with the IDEA, the

evidence in the record clearly demonstrates that Plaintiff was involved with evaluating TMA's

compliance with the IDEA, that Plaintiff considered TMA to be out of compliance with the

IDEA during the fall of 2002, and that she brought her concerns regarding TMA's non-

compliance to TMA's attention.  *Washington*, 2006 WL 1722332 at *4.  However, Plaintiff has

thus far presented no evidence whatsoever that TMA viewed her efforts to ensure TMA's

compliance with the IDEA in a negative light, that anyone associated with TMA criticized

Plaintiff for her work concerning IDEA compliance, or that TMA ever discouraged Plaintiff from

raising concerns about IDEA compliance or disagreed with Plaintiff's assessment as to TMA's

alleged non-compliance.  Nor does Plaintiff contend that anyone associated with TMA ever told

her that her efforts to ensure TMA's compliance with the IDEA were placing her employment in

jeopardy.

Instead, the evidence presently before the Court is that TMA expected Plaintiff to bring

compliance issues to its attention and specifically encouraged her to work with End-to-End

Solutions, the company with which TMA contracted for "related services" for special education

students, to resolve any compliance issues.  *Id.* at *16 (citing Def.'s Mot. for Summ. J., Ex. 9

(9/26/02 E-mail from Joseph Feldman to Jessica Washington)).  Indeed, in connection with

Plaintiff's otherwise less-than-stellar mid-semester informal evaluation, TMA Principal Feldman

noted that Plaintiff "successfully" "made sure we are in compliance with IDEA."  *Id.* (citing Pl.'s

Opp'n., Ex. 25 (11/21/02 Mem. from Joseph Feldman to Jessica Washington re: Informal

Evaluation)).  The factual record adduced thus far therefore does not demonstrate any link between TMA's alleged non-compliance during the fall of 2002 and Plaintiff's efforts to ensure TMA's compliance with the IDEA, on the one hand, and Plaintiff's alleged termination by TMA in December 2002, on the other.

   C.      *Plaintiff's Opposition to Defendant's Motion in Limine*

   In her Opposition to TMA's Motion *in Limine*, Plaintiff asserts that evidence regarding TMA's alleged non-compliance with the IDEA and Plaintiff's activities in that respect is "key to deciding whether TMA had any motive or intent to discharge [her]."  Pl.'s Opp'n. at 6.  Although motivation is not an element of Plaintiff's breach of contract claim, the Court agrees that evidence that TMA may have had motivations for terminating Plaintiff could be relevant to the sole remaining triable issue in this case: the factual dispute as to whether, as Plaintiff alleges, TMA terminated her without cause, or whether, as TMA maintains, Plaintiff resigned her employment with TMA.  However, Plaintiff has thus far failed to specify the evidence that she believes exists to demonstrate that TMA terminated her because she voiced concerns about TMA's IDEA compliance.  Without evidence of a link between Plaintiff's efforts to ensure TMA's compliance with the IDEA and her alleged termination, or even evidence that TMA viewed Plaintiff's activities regarding IDEA compliance in a negative light or disagreed with Plaintiff's assessments as to TMA's alleged non-compliance, it is unclear what Plaintiff's basis would be for asking the jury to consider her IDEA-related allegations in connection with her breach of contract claim.  Therefore, in order for the Court to properly consider TMA's Motion, Plaintiff must specify the evidence that she believes demonstrates that her efforts to ensure TMA's compliance with the IDEA provided a motivation for her alleged termination.

6

In addition, Plaintiff's Opposition fails to explain the evidentiary posture in which Plaintiff would seek use any such evidence at trial.  The Court notes that rather varied legal frameworks would apply to Plaintiff's evidence, depending on whether she sought, for instance, to introduce her purported evidence in her case-in-chief, as opposed to in cross-examination of TMA's witnesses.  In order for the Court to set up the proper evidentiary rubric in which to consider TMA's Motion, Plaintiff must explain the manner in which she would seek to introduce her purported evidence at trial, as well as any legal support for her position.

As Plaintiff's Opposition fails to identify either the evidence that she believes exists to link her efforts to ensure TMA's compliance with the IDEA to her alleged termination, or the evidentiary posture in which she would seek to use such evidence at trial, the Court is unable to properly consider TMA's Motion.  The Court shall therefore hold TMA's Motion *in Limine* in abeyance and shall reconsider the Motion upon receipt of Plaintiff's additional briefing on these issues.

## CONCLUSION

Plaintiff's Opposition to Defendant's Motion *in Limine* fails to specify either (1) the evidence that Plaintiff believes exists to demonstrate that her efforts to ensure Defendant's compliance with the IDEA provided a motivation for her alleged termination; or (2) the manner in which Plaintiff would seek to use such evidence at trial.  Therefore, Plaintiff shall be ordered to provide additional briefing on these two issues on or before December 1, 2006, and the Court

shall hold Defendant's Motion *in Limine* in abeyance pending receipt of Plaintiff's additional

briefing.  An appropriate Order accompanies this Memorandum Opinion.

Date:   November 1, 2006

 

 

 

                                                     */s/*

                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge